IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV20-1-MU

| | |
|---|---|
| RALPH FREDRICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| THEODIS BECK, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed February 20, 2004; and Petitioner's Motion to Amend, filed February 27, 2004.

For the reasons stated herein, and for the further reasons set forth in the Respondent's Motion for Summary Judgment, the Respondent's Motion for Summary Judgment is granted and the Petitioner's Petition for Writ of Habeas Corpus is dismissed. Petitioner's Motion to Amend is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 14, 2001, after a trial by jury,[1] Petitioner was convicted in the Superior Court of Rutherford County of first-degree murder and breaking and entering. Petitioner was sentenced to 251-311 months imprisonment. Petitioner appealed his sentence and conviction to the North Carolina Court of Appeals. On June 3, 2003, Petitioner's appeal was denied. On or about October 1, 2003, the North Carolina Supreme Court denied Petitioner's petition for discretionary review. State v. Fredrick, 2003 N.C. App. Lexis 1084, disc. review denied, 357

---

[1] Petitioner's first trial on these charges ended in a mistrial.

N.C. 508 (2003).

Petitioner then filed a pro se Motion for Appropriate Relief (MAR) with the Rutherford Superior Court which was summarily dismissed on November 26, 2003. On December 31, 2003, Petitioner's Petition for Writ of Certiorari was denied by the North Carolina Court of Appeals.

On January 28, 2004, Petitioner filed the instant federal habeas petition. In his federal habeas petition, Petitioner asserts that: 1) there was insufficient evidence to support his conviction; 2) perjury was submitted to the Grand Jury to obtain an indictment for first degree murder; 3) prosecutorial misconduct in lying to the grand jury; 4) the trial judge was biased because he denied requested instructions; 5) the trial judge refused to repeat the instructions on the meaning of "deliberation" when requested by the jury; 6) the trial judge took away one of the elements of the charge in a murder trial that is required by statute; 7) there was insufficient evidence for felony breaking and entering; and 8) the burglary indictment was insufficient because it failed to allege a felony.

On February 24, 2004, Petitioner filed a motion requesting to be permitted to name Theodis Beck as the Respondent. Petitioner also asks to be permitted to amend his petition to include a lesser included offense argument. Petitioner's Motion to Amend is granted.

## ANALYSIS

### I. STANDARD OF REVIEW FOR HABEAS PETITIONS

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir.

2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[2] a federal court reviews the claim questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court."

---

[2] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## II. INSUFFICIENCY OF THE EVIDENCE

Petitioner alleges that insufficient evidence existed to support his first degree murder and his felonious breaking and entering charges.

Petitioner raised these same claims in his MAR where they were summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s

4

standard of review.  See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc).  As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court.  Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

In reviewing a claim of insufficiency of the evidence, a court must consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307 (1979).

In order to convict Petitioner of attempted first-degree murder pursuant to N.C.G.S. § 14-17, the State had to prove beyond a reasonable doubt that Petitioner had (1) a specific intent to kill another person unlawfully; (2) committed an overt act calculated to carry out that intent; (3) with malice, premeditation, and deliberation accompanying the act; and (4) a failure to complete the intended killing.  See State v. Mack, 589 S.E.2d 168, 175 (2003).

In order to convict Petitioner of felonious breaking or entering, the state had to prove beyond a reasonable doubt that he (1) broke or entered; (2) any building; (3) with the intent to commit any felony or larceny therein.  See State v. Litchford, 334 N.C. 554, 558 (1993).

Here, the state's evidence showed that as Eric Turner sat in a recliner in the living room/kitchen area of Carolyn Dover's house, Petitioner jerked open the screen door, entered the house with his .38 caliber pistol drawn, and yelled, "I'm going to kill both of you-all.  Both of you MF."  (Trial Trans. pp. 13-15, 20, 22, 30).  Turner raised his hands, exclaimed "[w]hy are you doing this?" and "[d]on't do it."  (Trial Trans. pp. 20, 45).  Petitioner then fired twice.  One

5

bullet hit Turner in the mouth. (Trial Trans. pp. 20, 50, 110-12). Defendant then stepped over the fallen Turner and moved toward Dover who was in the bathroom down the hallway. (Trial Trans. pp. 13-15, 22, 23, 27, 29). When Dover saw Petitioner standing in the doorway of the bathroom, she fell to her knees, begging, "Don't do this." (Trial Trans. p. 60). Petitioner pointed the pistol straight at her and proclaimed, "[Y]ou too bitch." (Trial Trans. p. 61). Dover raised her hand as Petitioner fired the gun at her. The bullet went through her two fingers and entered the top of her shoulder, fractured several ribs and came to rest in her back. (Trial Trans. pp. 62, 123). The state's evidence, was more than sufficient to support all of the essential elements for both attempted first degree murder and felonious breaking and entering.

Petitioner has not established that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, his claim is denied.

### III. ERRONEOUS INDICTMENT

Petitioner alleges that the prosecution submitted a factually erroneous indictment to the grand jury. More specifically, Petitioner alleges that his indictment contained the erroneous phrase "by shooting her in the neck with a deadly weapon." Petitioner contends that the evidence did not show that he actually shot into Dover's neck, and therefore the indictment was false.

Deficiencies in state court indictments are ordinarily not a basis for federal habeas relief unless they render the entire proceeding unfair. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985).

In the instant case the Indictment stated that Petitioner had shot the victim in the neck with a deadly weapon. Petitioner at trial testified that the "bullet went straight down, down the side of my neck . . . ." (Trial Trans. p. 61). The examining doctor testified at trial that the bullet entered the top of Petitioner's shoulder in her trapezious. (Trial Trans. pp.135). In Dover's medical records dated August 27, 1999, the same doctor stated that "[t]he patient is a 47-year-old female who received a gunshot wound entering the left side of her neck and going down into her chest . . . ." Petitioner does not articulate and this Court cannot discern how the slight variance as to whether the bullet entered the side of Petitioner's neck or in the very top of her shoulder near the base of her neck would in any way render Petitioner's entire trial fundamentally unfair. The difference does not have any bearing on whether Petitioner committed attempted first degree murder. As such his claim must fail.

Moreover, Petitioner raised this same claim in his MAR where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Petitioner has not established that the state court's decision was incorrect or was contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor does he establish that it was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

## IV. PROSECUTORIAL MISCONDUCT

### A. Presenting a Lie to the Grand Jury

Petitioner alleges that the prosecutor engaged in prosecutorial misconduct by lying to the grand jury. In support of his contention Petitioner asserts that the prosecutor lied to the grand

7

jury when he asserted that Petitioner had shot the victim Dover in the neck.

Petitioner raised this same claim in his MAR where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

In order to prevail on his habeas claim alleging a due process violation as a result of perjured testimony, a petitioner must show that prosecutor or other government official knew the testimony was false. See Thompson v. Garrison, 516 F.2d 986, 988 (4thCir.), cert. denied, 423 U.S. 933 (1975). Petitioner does not assert any facts to establish that the prosecution knew that the victim was shot in the top of the shoulder near the base of her neck rather than in the side of her neck itself. Indeed, it is not clear to the Court that any such difference is material or significant.[3] Consequently, the Court denies Petitioner's claim.

### B. Arguing Against Lesser Included Murder Offense

Petitioner also alleges that the prosecutor committed misconduct by arguing that Petitioner was not entitled to a lesser-included offense instruction to the attempted murder charge. The North Carolina Court of Appeals affirmed the trial court's ruling that Petitioner was

---

[3] At trial, Ms. Dover testified that the "bullet went through these two fingers right here where I had it up, and the bullet went straight down, down the side of my neck, traveled down the left side and came out the back." (Tr. Trans. p. 61). The examining doctor testified at trial that the bullet entered the top of Petitioner's shoulder in her trapezious. (Trial Trans. pp. 135). Petitioner's initial medical record stated that the victim was shot in the neck.

not entitled to a lesser included offense instruction. Given that two courts ruled in favor of the prosecution's argument it was clearly not misconduct to set forth such an argument.

Moreover, Petitioner raised this claim in his MAR where it was summarily denied. The Petitioner does not establish that the state court's decision was incorrect and was contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor does Petitioner establish that was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

## V. TRIAL JUDGE

### A. Overall Bias

Petitioner alleges that the trial judge was biased as evidenced by his various rulings on matters at the trial.

Petitioner raised this same claim in his MAR where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). The Petitioner does not establish that the state court's decision was incorrect and was contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor does Petitioner establish that was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Moreover, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See Liteky v. United States, 510 U.S. 540 (1994). In addition, Petitioner's assertions that the trial judge was biased in his rulings on objections and in his charge to the jury are too conclusory to support a claim of judicial bias. See Nickerson v. Lee, 971 F.2d 1125, 1136

(4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), cert. denied, 507 U.S. 923 (1993).

**B. Jury Instruction**

Petitioner also alleges that the trial judge was biased because the trial judge refused to give an instruction requested by the jury. More specifically, Petitioner alleges that with regard to his attempted first degree murder charge involving Ms. Dover, the trial judge failed to provide the jury with the definition of deliberation and premeditation when they asked for a clarification of the elements of attempted first degree murder.[4]

Petitioner raised this same claim in his MAR where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

In order to obtain federal habeas relief based upon an alleged jury instruction error, a

---

[4] Petitioner also challenges the trial court's initial jury instructions concerning attempted first degree murder. More specifically, Petitioner states that the judge erred when he said the state must prove two things. In order to obtain federal habeas relief based upon an alleged jury instruction error, a petitioner must establish that the error was so egregious that it rendered his entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1973); Estelle v. McGuire, 502 U.S. 62, 66 (1991). Petitioner does not establish this fact. Moreover, a review of the jury instruction dealing with attempted first degree murder does not reveal any error. (Trial Trans. pp. 291-94).

petitioner must establish that the error was so egregious that it rendered his entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1973); Estelle v. McGuire,502 U.S. 62, 66 (1991). A review of the trial transcript reveals that the jury requested clarification of the elements of attempted first degree murder, self-defense, and voluntary intoxication as to both victims. (Trial Trans. pp. 307-08). The trial court proceeded to give such information with regard to Eric Turner. The trial judge next gave the requested instructions with regard to Carolyn Dover. When the trial judge discussed premeditation and deliberation he stated "I heretofore gave you the definition of premeditation and deliberation. You apply those as if I had repeated them as far as the Dover case is concerned." (Trial Trans. p. 313). The jury at that point had just had the trial judge explain these elements moments before with regard to Eric Turner. (Trial Trans. p. 310). In addition, the Judge had clarified this element when he first instructed the jury. (Trial Trans. pp. 289-90). There is no indication anywhere in the record to support the conclusion that the jury was confused by the trial judge's referral back to his earlier definition of premeditation or deliberation. Based upon the record as a whole, this Court concludes that the trial judge's jury instructions in response to the jury's request for clarification of the elements of attempted first degree murder did not in any way render the entire trial fundamentally unfair.

Moreover, given the strength of the evidence at trial, even if an error occurred with the jury instructions, such error was harmless. See Brecht v. Abrahamson,507 U.S. 619 (1993)(harmless error standard on federal habeas review requires trial error to have "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief).

## VI. **DEFECTIVE BURGLARY INDICTMENT**

Petitioner alleges that his indictment with regard to the burglary charge was defective because it failed to allege a felony. That is, Petitioner alleges that his indictment did not sufficiently allege what felony he intended to commit during the course of the alleged burglary.

Deficiencies in state indictments typically are not matters of federal law. See <u>Ashford v. Edwards,</u> 780 F.2d 405, 407 (4th Cir. 1985)(Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process.). A misapplication of state law, however, does not entitle a prisoner to federal habeas review. In order to state a ground for relief, a clearly established federal right violation must be alleged. See <u>Estelle v. McGuire,</u> 502 U.S. 62 (1991)("It is not the province of a federal habeas court to re-examine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Consequently, because Petitioner's unlawful indictment allegation is a state law claim it is not cognizable on federal habeas review.

Moreover, even if Petitioner's claim were cognizable, Petitioner raised this same claim in his MAR where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See <u>Bell v. Jarvis,</u> 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Petitioner has not established that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, his claim is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Amend is **GRANTED**;

2. Respondent's Motion for Summary Judgment is **GRANTED**; and

3. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**Signed: October 28, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge